# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY HICKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01517-TWP-DKL |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| U.S. DEPARTMENT OF HOUSING AND | ) |
| URBAN DEVELOPMENT, and | ) |
| BRUCE EVERLY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant United States Department of Housing and Urban Development's ("HUD") Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6) (Dkt. 15). For the reasons stated below, HUD's Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

Plaintiff Anthony Hickman ("Mr. Hickman") filed a Complaint against Defendants Bank of America, N.A., HUD, and Bruce Everly, after he allegedly encountered problems with a property he purchased in Hendricks County, Indiana, using HUD's 203(k) loan program. Specifically, Mr. Hickman alleges that HUD failed to properly supervise Bank of America in administering HUD's 203(k) loan program, and in doing so, HUD breached its "fiduciary duty" owed to him. HUD argues that because Mr. Hickman failed to exhaust his administrative

remedies prior to filing suit against them, and also has failed to state a claim for negligent supervision, his claims against them should be dismissed.

Mr. Hickman has not filed any opposition to HUD's Motion.

## II.  DISCUSSION

As an initial matter, the Court notes that although HUD addresses Mr. Hickman's failure to file a notice under the Federal Tort Claim Act ("FTCA") as a 12(b)(1) motion, "the Seventh Circuit Court of Appeals has instructed that whether a plaintiff has exhausted administrative remedies which are a prerequisite to suit . . . 'does not implicate federal subject matter jurisdiction and is better addressed under Rule 12(b)(6) than Rule 12(b)(1).'" *Grant v. U.S. Dep't of Hous. & Urban Dev.*, No. 1:13-CV-0084-JMS-TAB, 2013 WL 2285568, at *1 (S.D. Ind. May 23, 2013) (*quoting Waters v. Anonymous Hosp. A*, No. 1:10-cv-00983-LJM-MJD, 2011 WL 1458161, at *1 (S.D. Ind. 2011) (*citing Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003)). Further, HUD has relied on matters outside of the pleadings, therefore, the Court will treat HUD's motion as one for summary judgment under Rule 12(d). *See id.*

The FTCA requires a claimant to seek administrative review prior to filing an action against the United States by filing a notice with the appropriate federal agency. 28 U.S.C. § 2675(a). HUD presented the declaration of Miniard Culpepper, stating that Mr. Hickman has not filed a claim for injury or damages with HUD. Because Mr. Hickman failed to file a response to HUD's Motion, the Court accepts this fact as undisputed and finds that Mr. Hickman has failed to satisfy the requirements of the FTCA. Therefore, the Court **GRANTS** HUD's Motion (Dkt. 15), and all claims asserted against HUD are **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 04/11/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jacob V. Bradley
FROST BROWN TODD LLC
jbradley@fbtlaw.com

Lucy Renee Dollens
FROST BROWN TODD LLC
ldollens@fbtlaw.com

Kathleen Davis
KJD LEGAL LLC
kathy@kjdlegal.com

Rachelle Nichole Ponist
KJD LEGAL LLC
rachelle@kjdlegal.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov